JOURNAL ENTRY AND OPINION
Defendant-appellant Rashawn Williams appeals from his conviction following a bench trial for illegal possession of drugs (R.C. 2925.11). Defendant contends his conviction was against the manifest weight of the evidence because the State allegedly failed to prove the chain of custody of the confiscated drugs. We find no error and affirm.
Defendant was charged following a traffic stop on November 10, 1998. Cleveland Police Detective Joselito Sandoval testified that on that date he and his partner, Det. Raymond Diaz, were working the 7:00 p.m to 3:00 a.m. shift on the First District Strike Force. At 11:30 p.m., the officers were dispatched to an area in which it was reported that a male in a white Pontiac Trans Am with a front vehicle cover (a bra) was allegedly dealing drugs.
After proceeding towards the area on I-71, the officers spotted a white Pontiac Firebird with a black bra on the front. The vehicle was driving slower than the speed limit which enabled the officers to pull up behind it. The officers noted that the vehicle contained three persons and was swerving from side to side. The vehicle exited at West 130th Street and at West 130th Street and Emery, the vehicle made a left turn onto Emery Avenue without signaling.
At that point, the officers stopped the vehicle. Both officers exited and approached the vehicle where Det. Diaz asked defendant, who was driving the vehicle, for his driver's license. He could not provide one.
Defendant was ordered from his car and was arrested for having no operator's license and for running a stoplight. He was then handcuffed and patted down by Det. Diaz. Det. Sandoval testified that he observed Det. Diaz confiscate a glass vial which contained a yellowish liquid pulled from the defendant's waistband. When the officers returned to the district, the vial was bagged, entered into the unit's narcotic book, and kept in a locked safe. Det. Sandoval testified that he was present with Det. Diaz during the entire process. At trial, Det. Sandoval identified State's Exhibit 1 as the vial that was confiscated by Det. Diaz from defendant on November 10, 1998. He also remembered Det. Diaz filling out the evidence envelope and recognized Det. Diaz's handwriting on the envelope.
Tracey Kramer, a forensic scientist for the Cleveland Police Department, testified and identified State Exhibit 1 as the vial and contents she tested on November 12, 1998. After describing how the laboratory obtained the sealed envelope for testing, she testified that she performed two tests on the contents of the vial, a microcrystalline test and a mass spectrometer test. She acknowledged that these two tests are those normally performed to detect the presence of PCP. The tests indicated that the yellow substance in the vial tested positive for PCP which she documented on a typed laboratory report and on the evidence envelope. She indicated a weight of 19.51 grams and positive PCP on the envelope and initialed the vial itself. Ms. Kramer testified that after she concluded her testing, she resealed the vial in the plastic envelope, recorded the weight and test results on the outside of the envelope and locked it in the drug vault located in the laboratory.
Defendant's sole assignment of error states as follows:
 I. THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE.
The standard of review we must observe in passing on a manifest weight of the evidence issue was set forth by the Supreme Court of Ohio as follows in State v. Thompkins (1997),78 Ohio St.3d 380, 386-87:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. (Emphasis added.) Black's supra, at 1594.
When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42,102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 (The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction).
Defendant asserts that his conviction is against the manifest weight of the evidence because the State failed to present sufficiently credible evidence regarding the chain of custody of the PCP vial. We fail to see the merit in this argument.
In State v. Mays (1996), 108 Ohio App.3d 598, this Court set forth the standard we are to follow in reviewing a chain of custody determination. In Mays, we stated:
 The state bears the burden of establishing the proper chain of custody; however, it is not an absolute duty. State v. Moore (1973), 47 Ohio App.2d 181, 183, 1 O.O.3d 267, 268, 353 N.E.2d 866, 870. In order to meet its burden, the state need only prove that it is `reasonably certain that substitutions, alteration or tampering did not occur.' Id. * * * Moreover, a chain of custody can be established by direct testimony or by inference. State v. Conley (1971), 32 Ohio App.2d 54, 60, 61 O.O.2d 50, 54, 288 N.E.2d 296, 300. The issue of whether there exists a break in the chain of custody is a determination left up to the trier of fact. Columbus v. Marks (1963), 118 Ohio App. 359, 25 O.O.2d 228, 194 N.E.2d 791. Any breaks in the chain of custody go to the weight afforded to the evidence, not to its admissibility.
Id.
Id. at 618, quoting In re Lemons (1991),77 Ohio App.3d 691, 693.
In the instant case, the chain of custody of the vial was established by the testimony of Det. Sandoval and Ms. Kramer. Det. Sandoval testified that he was present when his partner Det. Diaz confiscated the vial, placed it in the evidence envelope, transported it to the station, entered it into the police unit's narcotics book and locked it away in a safe. He testified that he never left the presence of Det. Diaz during the pendency of this process or the subsequent report making. Det. Sandoval further testified that he recognized Det. Diaz's handwriting on the evidence envelope and identified State's Exhibit 1 as the vial that was confiscated from the defendant on November 10, 1998. Ms. Kramer testified to the procedures followed by the laboratory in obtaining, recording and testing evidence brought to it by the police department. She testified that she picked up the sealed envelope containing the vial and tested it. Ms. Kramer further testified that, after she concluded her testing, she resealed the vial in the plastic envelope, recorded the weight and test results on the outside of the envelope and locked it in the drug vault located in the laboratory.
Based on the record before us, there is no indication or suggestion that State's Exhibit 1 was not the vial that was confiscated from defendant, that it was tampered with, or that it was altered in any way. There was sufficient evidence that the vial remained in the custody of the police and/or the laboratory and that there was no break in the chain of this custody.
Accordingly, we find that it is reasonably certain that substitutions, alteration or tampering did not occur.
Since it was entirely reasonable for the trial court to conclude from the testimony of Det. Sandoval and Tracey Kramer that the vial retrieved at the scene containing the contraband was that offered by the State at trial, it was justified in concluding that the State proved the offense of drug possession beyond a reasonable doubt.
Defendant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
DYKE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
JAMES M. PORTER, JUDGE